MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
MICHAEL MORRIS-NUSSBAUM (SBN: 317146)
*mmnussbaum@pessahgroup.com*
**PESSAH LAW GROUP, PC**
1801 Century Park East, 26th Floor
Los Angeles, CA 90067
Tel. (310) 772-2261

*Attorneys for Plaintiff*
BDMR HOLDINGS LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BDMR HOLDINGS LTD., a California Corporation, <br><br> Plaintiff, <br> v. <br><br> DOES 1-10, <br><br> Defendants. | Case No.: 2:19-cv-9856 <br><br> **PLAINTIFF BDMR HOLDINGS LTD.'S MOTION FOR EXPEDITED DISCOVERY RELATING TO DEFENDANTS' IDENTITY** <br><br> **DATE:** December 4, 2019 <br> **TIME:** 10:00 a.m. <br> **COURTROOM:** 580 |

---
PLAINTIFF BDMR HOLDINGS LTD.'S MOTION FOR EXPEDITED DISCOVERY RELATING TO DEFENDANTS'
IDENTITY

1

## I. INTRODUCTION & RELIEF REQUESTED

Plaintiff BDMR HOLDINGS LTD., doing business as Yedi Houseware ("Plaintiff" or "Yedi"), respectfully moves the Court for an order granting leave to serve third-party subpoenas to obtain records relating to the identity of John Does 1-10 ("Defendants") before the Federal Rule of Civil Procedure 26(f) conference. This expedited discovery will allow Yedi to identify the Defendants responsible for perpetrating an unlawful sales scheme that misuses Yedi's intellectual property, harms Yedi's customers, and targets users in this District. Without expedited discovery, Yedi cannot determine the identities of the Defendants, and Yedi will be left without a means to halt the Defendants' ongoing harm.

## II. BACKGROUND

Plaintiff BDMR Holdings Ltd., doing business as Yedi Houseware ("Plaintiff" or "Yedi"), is a leading manufacturer and distributor of household appliances. (Declaration of Michael Morris-Nussbaum ["Morris-Nussbaum Decl."], ¶ 3) Yedi products have been featured on "Oprah's Favorite Things," and have been prominently selected as "Amazon's Choice" products due to the high volume of sales and indisputable customer satisfaction Yedi has garnered. *Id*.

Defendants have launched a full-fledged offensive against Yedi and the Yedi Mark by creating false listings for Yedi's top-selling products on Amazon.com ("Amazon"). (Morris-Nussbaum Decl., ¶ 4) Defendants' scheme consists of creating listings for Yedi products on Amazon at artificially low prices to drive consumers away from Yedi's legitimate Amazon listings. *Id*. When consumers attempt to order products from the dummy listings, their payment information is processed, and a shipping label is created promising delivery to the unsuspecting consumer within "2 days." (Morris-Nussbaum Decl., ¶ 5) However, once the order has been placed and payment sent from the customer to Defendants, the customer receives an Amazon notification that delivery is "late." *Id*. Ultimately, the product never arrives. *Id*. The

result is damage to Yedi's goodwill, infringement of Yedi's intellectual property rights, lower rankings on Amazon and millions in lost revenue. *Id.*

### III. ARGUMENT

**A. Legal Standard**

Federal Rule of Civil Procedure 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Although the Ninth Circuit has not directly defined the standard for allowing expedited discovery, "courts in this jurisdiction require that the moving party demonstrate that 'good cause' exists to deviate from the standard pretrial schedule." *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (Martinez, J.); *Renaud v. Gillick*, 2007 WL 98465, at *2 (W.D. Wash. Jan. 8, 2007) (Lasnik, J.).

Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Microsoft Corp.*, 2009 WL 1393750, at *5 *(quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)). The relevant factors in assessing good cause are the requesting party's diligence, its intent in seeking the requested information, and whether the opposing party will be prejudiced if the Court grants the motion. See *Renaud*, 2007 WL 98465, at *3. Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose. *Semitool,* 208 F.R.D. at 277.

**B. Good Cause Exists for Expedited Discovery**

    **1.    Expediated Discovery is Warranted Because Plaintiff Must Identify the Defendants to Properly Serve Them**

"[W]here the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would

---
PLAINTIFF BDMR HOLDINGS LTD.'S MOTION FOR EXPEDITED DISCOVERY RELATING TO DEFENDANTS' IDENTITY

3

not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *see also Young v. Transp. Deputy Sheriff I*, 340 F. App'x 368, 369 (9th Cir. 2009) (vacating judgment and remanding to district court to allow plaintiff the opportunity to discover the identity of two unknown deputy sheriff defendants). If plaintiff does not know the identities of the defendants, it makes no sense to defer discovery until after the Rule 26(f) conference because "[o]bviously, a plaintiff cannot have a [Rule 26(f)] conference with an anonymous defendant." *UMG Recordings, Inc. v. Doe*, 2008 WL 4104207, at *2 (N.D. Cal. Sept. 4, 2008).

Here, Plaintiff does not currently know the identities of the Defendants, but reasonably believes it can determine their identities through limited expedited discovery of the third-party companies providing the infrastructure for Defendants' scheme. (Morris-Nussbaum Decl., ¶ 6) Because Defendants in this lawsuit are presently unknown, Plaintiff cannot hold a Rule 26(f) conference with anonymous Defendants. Absent an order permitting expedited discovery, this case cannot move forward.

### 2. The Relevant Factors All Support Expedited Discovery

The Court considers three factors to assess the propriety of expedited discovery: (1) Plaintiff's diligence, (2) its intent in seeking the information, and (3) prejudice to Defendants. *See Renaud*, 2007 WL 98465, at *3; *Music Grp.*, 2014 WL 11010724, at *1. Each factor supports granting Plaintiff's motion:

#### a. *Plaintiff's Diligence*

Plaintiff has been diligent in attempting to uncover the Defendants' identities. (Morris-Nussbaum Decl., ¶ 7) The only publicly available information about Defendants is the false listings that are the subject of Plaintiff's lawsuit. *Id*.

Plaintiff immediately contacted Amazon Support upon becoming aware of the false listings. (Morris-Nussbaum Decl., ¶ 8) However, Amazon did not ascertain

Defendants' identities or provide information that would allow Plaintiff to discover the same. *Id*. Accordingly, this factor supports granting Plaintiff leave to conduct expedited discovery.

### b. *Plaintiff's Intent*.

Plaintiff seeks information about the people behind the fraudulent scheme at issue in this case to identify the Defendants and serve them with this lawsuit. Without this information, Plaintiff will not be able to pursue this case to stop Defendants' harms. Because Plaintiff's intent is to "advance the litigation and save judicial resources," *Renaud*, 2007 WL 98465, at *3, this factor supports granting BDMR leave to conduct expedited discovery.

### c. *Prejudice to Defendants*.

Defendants will suffer no cognizable prejudice if Plaintiff is granted leave to conduct expedited discovery. Plaintiff's request for expedited discovery is narrowly tailored to include only the information necessary to identify the persons and/or entities propagating an illegal campaign that harmed (and continues to harm) Plaintiff and its customers. Further, the Defendants have no legitimate expectation of privacy in the information they provide to the various third party companies at issue because Defendants use those services to host and promote their false sales listings. *See, e.g.*, *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("[C]omputer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator."); *United States v. Christie*, 624 F.3d 558, 573 (3rd Cir. 2010) ("Federal courts have uniformly held that 'subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation' because it is voluntarily conveyed to third parties."). Finally, the requested discovery is directed at non-parties, not the Defendants. Granting "third party document requests will not impose a significant burden upon [D]efendants," *Renaud*, 2007 WL 98465, at *3, which further shows

the Defendants will suffer no cognizable prejudice if the Court grants Plaintiff's motion.

### 3. Case Law Supports a Finding of Good Cause for Expedited Discovery to Identify Anonymous Infringers in Intellectual Property Cases

"'Good cause' for expedited discovery has been found to exist in cases involving infringement or unfair competition where *physical evidence may be consumed or destroyed*, or in which a preliminary injunction is sought." *ELargo Holdings, LLC v. Doe—68.105.146.38* (MD LA 2016) 318 FRD 58, 62-63*; see also Semitool,* 208 F.R.D. at 276 ("It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition.")

Here, Defendants have used a third-party website, Amazon.com, to host their fraudulent listings. By avoiding direct contact with purchasers, Defendants remain elusive and can easily hide their identities through, *inter alia*, the creation and deletion of Amazon accounts, the concealment of their IP address(es), etc. Thus, subpoenas to third parties, namely Amazon, are necessary to identify Defendants before they make themselves untraceable.

Further, in copyright infringement lawsuits, "good cause" for expedited discovery exists: (i) when plaintiff made a prima facie showing of copyright infringement; (ii) there was a specific and limited discovery request; (iii) there were no alternative means of obtaining the information; and (iv) the adverse party had no compelling privacy interest in the information. *Rotten Records, Inc. v. Doe* (WD NY 2015) 107 F.Supp.3d 257, 259.

As a trademark case under the common law and the Lanham Act, this case implicates intellectual property interests analogous to those in copyright infringement disputes.

Here, Plaintiff has made a prima facie showing of its trademark claims and has limited its discovery requests to subpoenas to third-party websites, such as

PLAINTIFF BDMR HOLDINGS LTD.'S MOTION FOR EXPEDITED DISCOVERY RELATING TO DEFENDANTS' IDENTITY

Amazon, through which Defendants have perpetrated their unlawful scheme. Additionally, and as elaborated above, Plaintiff cannot obtain Defendants' identities through other means, and Defendants have no compelling privacy interest nor will they suffer any prejudice.

Good cause therefore exists to grant Plaintiff's request for expedited discovery.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant Plaintiff leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas to obtain information needed to ascertain Defendants' identities. Plaintiff also requests leave to serve additional Rule 45 subpoenas on any other companies identified from any subpoena responses for the limited purpose of identifying the Defendants.

DATED:   November 27, 2019              PESSAH LAW GROUP, PC

_____
Maurice D. Pessah, Esq.
Michael Morris-Nussbaum
Attorneys for Plaintiff
BDMR HOLDINGS LTD.